UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM G. LOTT,

    Plaintiff,

v.

U.S. DEPARTMENT OF LABOR,

    Defendant.

3:12-CV-0228-LRH-VPC

ORDER

    Before the court is defendant the U.S Department of Labor, Division of Energy Employees Occupational Illness Compensation's ("Labor") motion to dismiss for lack of subject matter jurisdiction. Doc. #7.[1] Plaintiff William G. Lott ("Lott") filed an opposition (Doc. #9) to which Labor replied (Doc. #10).

I. **Facts and Procedural History**

    Plaintiff Lott initiated the underlying civil action seeking judicial review of defendant Labor's final administrative determination regarding his eligibility for certain wage-loss benefits under Part E of the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"), as amended, 42 U.S. § 7384 *et seq*. Doc. #1.

///

---

[1] Refers to the court's docket number.

EEOICPA is a federal compensation statute for employees of the Department of Energy, its predecessor agencies, and certain contractors, subcontractors, and vendors who incurred illness as a result of their exposure to radiation and other toxic substances at facilities covered under the act. Pursuant to Part E of EEOICPA, covered employees are eligible to be awarded payment of medical expenses and/or variable monetary compensation based upon an employee's level of permanent impairment and/or qualifying calendar years of wage-loss.

An individual asserting entitlement benefits under EEOICPA must file a claim with defendant Labor's Office of Workers' Compensation Programs. 20 C.F.R. §§ 30.100 and 30.101 (2012). The office reviews the claim and issues a recommendation. After the office's recommendation, the claimant may file written objections within sixty (60) days. The recommendation, along with any objections, are then submitted to the Office of Workers' Compensation Programs Final Adjudication Branch which issues a final agency decision on the claim. A dissatisfied claimant may then seek judicial review of the agency's decision, but must file the petition for judicial review within sixty (60) days of the agency's final decision. 42 U.S.C. § 7385s-6(a).[2]

Lott filed an initial claim with defendant Labor under Part E of EEOICPA. On February 11, 2011, Labor issued its final decision denying his wage-loss claim. Doc.#1, Exhibit 1. Subsequently, on April 25, 2012, more than sixty days after the final decision, Lott filed the underlying action for judicial review. Doc. #1. Thereafter, Labor filed the present motion to dismiss for lack of jurisdiction. Doc. #7.

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case

---

[2] Compliance with the sixty-day filing deadline is a jurisdictional prerequisite for judicial review. *See Barrie v. U.S. Dept. of Labor*, 805 F. Supp. 2d 1140, 1144 (D. Col. 2011).

unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### III.  Discussion

In its motion, defendant Labor argues that the court is without jurisdiction to hear Lott's petition for judicial review because it was not filed within the sixty day period after the agency's final decision. *See* Doc. #7.

The court has reviewed the documents and pleadings on file in this matter and finds that although Lott filed the present complaint outside of the sixty day deadline, he is entitled to equitable tolling of the jurisdictional period. First, the court notes that Lott filed a timely, initial civil action for judicial review of Labor's decision within the sixty day period. *See Lott v. U.S. Dep't of Labor*, Case no. 3:11-cv-0258-ECR-WGC. Although that action was eventually dismissed for Lott's failure to obtain and serve a summons, Lott did serve Labor with a copy of his petition for judicial review. As such, Labor was on notice of Lott's intent to seek judicial review of its final decision. Second, the court notes that Lott filed the present action less than two (2) weeks after his initial action was dismissed on service of process grounds. Thus, the court finds that Labor would not be prejudiced by allowing the petition to move forward. Therefore, the court finds that equitable tolling is appropriate under these circumstances and shall deny Labor's motion to dismiss for lack of jurisdiction accordingly.

///

3

1  IT IS THEREFORE ORDERED that defendant's motion to dismiss for lack of subject

2 matter jurisdiction (Doc. #7) is DENIED.

3  IT IS SO ORDERED.

4  DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE