UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

WILLIAM G. LOTT,

    Plaintiff,

v.

U.S. DEPARTMENT OF LABOR,

    Defendant.

3:12-CV-0228-LRH-VPC

ORDER

Before the court is defendant the U.S Department of Labor, Division of Energy Employees Occupational Illness Compensation's ("Labor") motion to reconsider the court's order denying its motion to dismiss for lack of subject matter jurisdiction (Doc. #7[1]). Doc. #14. Plaintiff William G. Lott ("Lott") filed an opposition (Doc. #15) to which Labor replied (Doc. #16).

**I.     Facts and Procedural History**

Plaintiff Lott initiated the underlying civil action seeking judicial review of defendant Labor's final administrative determination regarding his eligibility for certain wage-loss benefits under Part E of the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"), as amended, 42 U.S. § 7384 *et seq*. Doc. #1.

///

---

[1] Refers to the court's docket number.

EEOICPA is a federal compensation statute for employees of the Department of Energy, its predecessor agencies, and certain contractors, subcontractors, and vendors who incurred illness as a result of their exposure to radiation and other toxic substances at facilities covered under the act. Pursuant to Part E of EEOICPA, covered employees are eligible to be awarded payment of medical expenses and/or variable monetary compensation based upon an employee's level of permanent impairment and/or qualifying calendar years of wage-loss.

An individual asserting entitlement benefits under EEOICPA must file a claim with defendant Labor's Office of Workers' Compensation Programs. 20 C.F.R. §§ 30.100 and 30.101 (2012). The office reviews the claim and issues a recommendation. After the office's recommendation, the claimant may file written objections within sixty (60) days. The recommendation, along with any objections, are then submitted to the Office of Workers' Compensation Programs Final Adjudication Branch which issues a final agency decision on the claim. A dissatisfied claimant may then seek judicial review of the agency's decision, but must file the petition for judicial review within sixty (60) days of the agency's final decision. 42 U.S.C. § 7385s-6(a).

Lott filed an initial claim with defendant Labor under Part E of EEOICPA. On February 11, 2011, Labor issued its final decision denying his wage-loss claim. Doc.#1, Exhibit 1. On April 11, 2011, Lott filed an initial, timely action for judicial review in *Lott v. U.S. Dep't of Labor*, Case no. 3:11-cv-0258-ECR-WGC. *See* Doc. #1, Case no. 3:11-cv-0258-ECR-WGC. This initial action was eventually dismissed for Lott's failure to obtain and serve a summons along with the petition for judicial review. Doc. #8, Case no. 3:11-cv-0258-ECR-WGC.

Subsequently, on April 25, 2012, two weeks later, Lott filed the underlying action for judicial review. Doc. #1. In response, Labor filed a motion to dismiss for lack of jurisdiction (Doc. #7) which was denied by the court (Doc. #13). In the court's order, the court found that "although Lott filed the present complaint outside of the sixty day deadline, he [was] entitled to

2

1  equitable tolling of the jurisdictional period." Doc. #13. Thereafter, Labor filed the present motion
2  for reconsideration of the court's order. Doc. #14.

**II.   Discussion**

Labor brings its motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In its motion, Labor contends that the court's order was clearly erroneous because the sixty day filing requirement is a jurisdictional limitation that cannot be equitably tolled. *See* Doc. #14.

Labor is correct that compliance with the sixty-day filing deadline is a jurisdictional prerequisite for judicial review. *See Barrie v. U.S. Dept. of Labor*, 805 F. Supp. 2d 1140, 1144 (D. Col. 2011). However, the court disagrees with Labor's position that equitable tolling is not available under the limited and unusual circumstances of this action. The court's prior order recognized that Lott had filed a timely petition that was dismissed solely on a procedural ground. The court's order extended equitable tolling to allow Lott to proceed with judicial review in this action because the government was on notice of Lott's request to seek judicial review within the sixty day period and because public policy favors disposition of cases on their merits, rather than on procedural grounds. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

The court cannot conclude that its prior order was in error in tolling the sixty-day period in this action by a mere two weeks. A minor defect in failing to submit a summons in the prior action with the petition for judicial review should not divest this court of jurisdiction. Especially in light

3

of the fact that the petition for judicial review in this action is the same petition for judicial review which was served on Labor in the prior, timely action. Accordingly, the court shall deny Labor's motion for reconsideration.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. #14) is DENIED.

IT IS SO ORDERED.

DATED this 9th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE